UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ALAN WRIGHT                          CIVIL ACTION NO. 3:14-cv-1786
    LA. DOC #90692
VS.                                  SECTION P

                                     JUDGE ROBERT G. JAMES

WARDEN                               MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

      Pro se petitioner Alan Wright, a prisoner in the custody of Louisiana's Department of
Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on
June 18, 2014. Petitioner attacks his 1990 conviction for aggravated rape and the life sentence
imposed by the Third Judicial District Court, Lincoln Parish. This matter has been referred to the
undersigned for review, report, and recommendation in accordance with the provisions of 28
U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended
that the petition be deemed second and successive and that it be **TRANSFERRED** to the United
States Fifth Circuit Court of Appeals for further proceedings.

*Background*

      Petitioner was convicted of aggravated rape in September 1990 in the matter entitled
*State of Louisiana v. Alan Wright*, Docket No. 34,244 of the Third Judicial District Court,
Lincoln Parish. The mandatory sentence of life without benefit of parole was thereafter imposed.
His conviction and sentence were affirmed on direct appeal to the Louisiana Second Circuit
Court of Appeal. *State of Louisiana v. Alan Philip Wright*, 599 So.2d 1096 (Table), *cert. denied*,
605 So.2d 1090 (La. 9/4/1992).  His first petition for writ of *habeas corpus*, filed on December 4,
1992, was denied on June 14, 1993 because he failed to properly exhaust available state court
remedies. *See Alan Wright v. Warden*, Civil Action Number 3:92-cv-2184.

Subsequent attempts to obtain post-conviction relief in the Louisiana Courts proved unsuccessful.  *State of Louisiana ex rel. Alan Wright v. State of Louisiana*, 97-1695 (La. 1/16/1998), 706 So.2d 972.  Then, in May 1998, having exhausted state court remedies,  he filed another petition for writ of *habeas corpus* in this Court raising the following claims for relief – (1) illegal search and seizure; (2) denial of his motion for change of venue; (3) and (4) sufficiency of the evidence; (5) and (6) improper jury instructions; (7) introduction of hearsay evidence; (8) improper introduction of evidence of flight; (9) improper remarks to petitioner; (10) ineffective assistance of counsel; (11) *Brady* violation; and, (12) improper closing argument.  His petition was served and answered and on December 27, 1999, Magistrate Judge Roy S. Payne recommended that all of his claims be denied on the merits. On February 11, 2000, Judge Tucker L. Melançon adopted the Report and Recommendation and ordered dismissal. *Alan Wright v. Burl Cain, Warden*, Civil Action No. 3:98-cv-0888 at Docs. 1 (petition), 22 (Answer), 25 (Report and Recommendation) and 28 (Judgment). On March 23, 2001 petitioner's application for a Certificate of Appealability (COA) was denied by the Fifth Circuit Court of Appeals. *Wright v. Cain*, No. 00-30286.

Petitioner apparently returned to State court for another unsuccessful round of post-conviction litigation. *State of Louisiana ex rel. Alan Wright v. State of Louisiana*, 2006-0786 (La. 10/13/2006), 939 So.2d 373.

He filed the instant petition on June 18, 2014.  He claims that "error was committed when the State amended his indictment on the day of trial to correct a date." [Doc. 1, ¶4; Doc. 6, ¶12] He also appears to raise a claim of ineffective assistance of counsel. [Doc. 6, ¶12]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."   This is the third petition for *habeas corpus* filed by this petitioner. It attacks the same convictions and sentences which were the subject of his prior petitions.  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Generally, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's first petition was dismissed without prejudice for failure to exhaust available state court remedies. However, petitioner's second *habeas corpus* petition was dismissed with prejudice on the merits. This petition, which raises claims that either were or could have been raised earlier is therefore successive.

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive

*habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Accordingly,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, August 20, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

4